IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MAXINE JONES                                              PLAINTIFF

VS.                         CIVIL ACTION NO. 5:07-cv-205(DCB)(JMR)

CRACKER BARREL OLD COUNTRY
STORE, INC.                                               DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Cracker Barrel Old Country Store, Inc.'s motion for summary judgment **(docket entry 29)**. Having considered the motion and response, the memoranda of the parties and all supporting documents, as well as the applicable law, the Court finds as follows:

On May 14, 2005, the plaintiff, Maxine Jones, slipped and fell on the premises of the defendant's Cracker Barrel restaurant in Vicksburg, Mississippi. The plaintiff alleges that Cracker Barrel's premises were not in a reasonably safe condition, and that because of the condition of the floor, she fell and was injured. The defendant moves for summary judgment on the grounds that the plaintiff cannot provide adequate evidence of negligence and causation.

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ... ." Fed.R.Civ.P. 56(c). In determining whether there are any genuine issues of material fact,

this Court must first turn to the applicable law to discern what factual issues are, indeed, material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fields v. City of South Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991). Then, the Court must examine the evidence of the type listed in Rule 56(c) to detect the existence or non-existence of a material issue. Id., at 1187. Further, "... summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The Fifth Circuit has added:

> Both the Supreme Court and this circuit have addressed, at length, how much evidence the nonmoving party must present. The Supreme Court explained that the standard for granting summary judgment mirrors the standard for a directed verdict. ... "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ... ." ... Nor is the "mere existence of a scintilla of evidence" sufficient ... . This circuit has described the amount of evidence the nonmoving party must bring forward as "significant probative evidence." ... This may be equated with the "substantial evidence" standard used to determine whether a directed verdict is appropriate.

State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116, 118 (5th Cir. 1990)(citations omitted).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 178 (5th Cir. 1990).

Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show

2

that summary judgment is inappropriate, by establishing the existence of all of the essential elements of that party's cause of action on which the nonmovant will bear the burden of proof at trial. Lavespere, 910 F.2d at 178; Carpenter v. Gulf States Mfrs., Inc., 764 F.Supp. 427 (N.D. Miss. 1991). The nonmoving party cannot successfully defeat a motion for summary judgment through the use of unsworn statements or suggestions of imminent supporting proof at trial. Pope v. Mississippi Real Estate Comm., 695 F.Supp. 253 (N.D. Miss. 1988), aff'd 872 F.2d 127 (5th Cir. 1989). The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); Fields, 922 F.2d at 1187. If the opponent fails in his duty, summary judgment is implicated. Id.

The Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984). In addition, the Court must "indulge every reasonable inference from [the] facts in favor of the party opposing the motion." Powers v. Nassau Development Corp., 753 F.2d 457, 462 (5th Cir. 1985).

Under Mississippi law, in a premises liability case the Court must first establish the status of the injured party: invitee, licensee, or trespasser. Thompson v. Chick-Fil-A, Inc., 923 So.2d 1049, 1052 (Miss.App. 2006). In this case, it is undisputed that

3

Jones was a business invitee.[1]  The second step is to establish the duty owed by the defendant to the plaintiff.  Id.  "Mississippi law requires the owner or operator of a business to 'exercise reasonable care to keep the premises in a reasonably safe condition.'"  Elston v. Circus Circus Mississippi, Inc., 908 So.2d 771, 773 (Miss.App. 2005)(quoting Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss. 1988)).  The third step is to determine whether the defendant breached this duty.  Thompson, 923 So.2d at 1052.

"For a plaintiff to recover in a slip-and-fall case, he must show one of the following: (1) a negligent act by the defendant caused the plaintiff's injury; (2) the defendant had actual knowledge of a dangerous condition; or (3) a dangerous condition existed for a sufficient amount of time to establish constructive knowledge of a dangerous condition."  Elston, 908 So.2d at 773 (citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992)).  "No proof of the owner's knowledge of the condition is

---

[1] Under Mississippi law, "an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage, while a licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner."  Martin v. B.P. Exploration & Oil, Inc., 769 So.2d 261, 263-64 (Miss.App. 2000)(citing Hoffman v. Planters Gin Co., Inc., 358 So.2d 1008, 1011 (Miss. 1978)).  "A business invitee is one who is invited to enter or remain on the premises for a purpose connected with the business, while a public invitee is characterized as one who is invited to enter or remain on the premises as [a] member of the public for a purpose for which the land is held open to the public."  Id. at 264 (citing Clark v. Moore Memorial United Methodist Church, 538 So.2d 760, 763 (Miss. 1989)).

4

necessary where the condition is created by his negligence or the negligence of someone under his authority. Id. (citing Drennan v. Kroger Co., 672 So.2d 1168, 1171 (Miss. 1996)).

In this case, the plaintiff alleges that her waitress spilled a tray of food on the floor near her table, that the restaurant staff attempted to clean up the spill, and that she subsequently slipped and fell as a result of the spill not being adequately cleaned up. Because the plaintiff alleges that the defendant, through its employee, created the dangerous condition, knowledge of the dangerous condition is imputed to the defendant to the extent that the plaintiff proves her allegation. In order to prevail on its motion for summary judgment, the defendant would have to produce conclusive evidence that it did not create the dangerous condition, or, alternatively, that it took adequate and reasonable steps to remove the dangerous condition or to warn against it. It has done neither. Instead, the defendant asserts that the plaintiff's evidence is insufficient.

The defendant states that the plaintiff does not know if the substance she slipped on was from the tray that was spilled. It further states that although the plaintiff fell in the same area where her food had been spilled, she only "believes" she fell due to the food being spilled on the floor. Defendant's Memorandum, pp. 3, 7. According to the defendant, the plaintiff's allegations are mere speculation and conjecture. Defendant's Memorandum, p. 7.

It is well settled under Mississippi law that negligence of the defendant "may be found from circumstantial evidence of

adequate probative value." Elston, 908 So.2d at 775; see also Winn-Dixie Supermarkets v. Hughes, 156 So.2d 734, 736 ("the plaintiff may prove circumstances from which the jury might conclude reasonably that the condition of the floor was one which was traceable to the proprietor's own act or omission"). It is equally well settled that proximate cause may be proved through circumstantial evidence. Herrington v. Leaf River Forest Products, Inc., 733 So.2d 774, 777 (Miss. 1999).

Circumstantial evidence is "evidence of a fact, or a set of facts, from which the existence of another fact may reasonably be inferred." Hughes, 156 So.2d at 736. It "must be such that it creates a legitimate inference that places it beyond conjecture." Hardy v. K Mart Corp., 669 So.2d 34, 38 (Miss. 1996). Stated differently, it "must be sufficient to make the plaintiff's asserted theory reasonably probable, not merely possible, and it is generally for the trier of fact to say whether circumstantial evidence meets this test." Mississippi Dept. of Transportation v. Cargile, 847 So.2d 258, 262 (Miss. 2003)(citations omitted).

The evidence presented by the plaintiff, including her own testimony, testimony of others at her table, and testimony of the restaurant staff, is sufficient to take this case out of the realm of conjecture and place it within the field of legitimate inference. The plaintiff's fall was proximate in place and time to the spilling of food by the waitress. The plaintiff describes the substances on her clothes after the fall as similar to substances spilled from the tray. The plaintiff's inability to precisely

identify what caused her to fall does not destroy the probative value of other testimony from which a jury could reasonably find that the proximate cause of the plaintiff's fall and injuries was traceable to the defendant's negligence.  Construing the facts most strongly in favor of the plaintiff, the Court finds that the defendant's motion for summary judgment must be denied. Accordingly,

IT IS HEREBY ORDERED that the defendant Cracker Barrel Old Country Store, Inc.'s motion for summary judgment **(docket entry 29)** is DENIED.

SO ORDERED, this the 13th day of January, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE